UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : INFORMATION

    - v. -

ANDREI BARYSEVICH,
   a/k/a "Maksim Radziukou,"
   a/k/a "Artur Galiullin,"

               Defendant.

- - - - - - - - - - - - - - - - - - x

10 CRIM 012

*USDC-SDNY DOCUMENT ELECTRONICALLY FILED — JAN 05*

*JUDGE KEENAN*

### COUNT ONE

(Conspiracy to Commit Access Device Fraud)

The United States Attorney charges:

#### Statutory Allegation

1. From at least in or about 2005, up to and including in or about July 2009, in the Southern District of New York and elsewhere, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1029(a)(5).

2. It was a part and object of the conspiracy that ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would

and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period the aggregate value of which is equal to or greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

<u>Means and Methods of the Conspiracy</u>

3.  Among the means and methods by which ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and his co-conspirators would and did carry out the conspiracy were the following:

a.  BARYSEVICH received stolen account information for bank and credit card accounts, including account numbers and personal identification numbers ("PINs"), over the Internet, from other co-conspirators not named as defendants herein. BARYSEVICH then sent some of the stolen account information by electronic mail to other co-conspirators not named as defendants herein (the "cashers").

b.  BARYSEVICH and the cashers encoded the stolen account information onto plastic cards, which they fraudulently used to obtain funds from the compromised accounts by, among other means, withdrawing cash from automated teller machines and purchasing money orders.

c.  BARYSEVICH and the cashers then transferred a portion of the fraudulently obtained funds to other co-

conspirators not named as defendants herein, who were located in Russia, Ukraine, Georgia, and elsewhere. In order to conceal his true identity, BARYSEVICH used bank accounts which he established using aliases, including "Maksim Radziukou" and "Artur Galiullin," to transfer fraudulently withdrawn proceeds. In return for their services, BARYSEVICH and the cashers kept a portion of the fraudulently withdrawn funds for themselves.

### Overt Act

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

    a. On or about May 18, 2009, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, made, or willfully caused to be made, a cash withdrawal from an account that BARYSEVICH controlled at the Bank of America (the "BARYSEVICH/Bank of America Account"), via an automated teller machine located in New York, New York.

(Title 18, United States Code, Sections 1029(a)(5) and (b)(2).)

### COUNT TWO

(Conspiracy to Commit Bank Fraud)

The United States Attorney further charges:

5. The allegations in paragraph 3 are repeated, realleged and incorporated by reference as though fully set forth herein.

Statutory Allegation

6. From at least in or about 2005, through in or about July 2009, in the Southern District of New York and elsewhere, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

7. It was a part and an object of the conspiracy that ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, to wit, Bank of America, Wachovia Bank, Washington Mutual Bank (now J.P. Morgan Chase Bank), Suntrust Bank, and Fleet Bank (now Bank of America), among others, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of those financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.


Overt Act

8.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

    a.  On or about May 18, 2009, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, made, or willfully caused to be made, a cash withdrawal from the BARYSEVICH/Bank of America Account, via an automated teller machine located in New York, New York.

(Title 18, United States Code, Section 1349.)

### COUNT THREE

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

9.  The allegations of paragraph 3 are repeated, realleged and incorporated by reference as though fully set forth herein.

Statutory Allegation

10. From at least in or about 2005, up to and including in or about July 2009, in the Southern District of New York and elsewhere, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to

commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

11. It was a part and an object of the conspiracy that ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully and knowingly, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, access device fraud and bank fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Overt Act

12. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

a. On or about May 18, 2009, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, made, or willfully caused to be made, a cash withdrawal from the

BARYSEVICH/Bank of America Account, via an automated teller machine located in New York, New York.

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION AS TO COUNT ONE

13. As a result of committing the offense alleged in Count One, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, and pursuant to 18 U.S.C. § 1029(c), any personal property used or intended to be used to commit the offense, including but not limited to the following:

    a.  At least $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense alleged in Count One.

### Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

-7-

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982 and 1029.)

### FORFEITURE ALLEGATION AS TO COUNT TWO

15. As a result of committing the offense alleged in Count Two, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, including but not limited to the following:

a.  Approximately $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense.

Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982, 1344 and 1349.)

**FORFEITURE ALLEGATION AS TO COUNT THREE**

17. As a result of committing the offense alleged in Count Three, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and

personal, involved in such offense and all property traceable to such property, including but not limited to the following:

    a.   At least $1,500,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

### Substitute Assets Provision

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the

defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)


_____
PREET BHARARA
United States Attorney

1/15/10
SDJ

Waiver of Indictment filed
Information filed   MJGorski
Deft arraigned pl n/g
MJGorski