```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-22-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA             :    CONSENT PRELIMINARY
                                                  ORDER OF FORFEITURE/
        -v.-                  :    MONEY JUDGMENT
:
ANDREI BARYSEVICH,                    :    10 Cr. 12 (JFK)
:
           Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about January 5, 2010, ANDREI BARYSEVICH, a/k/a "Maksim Radziukou," a/k/a "Artur Galiullin," (the "Defendant"), was charged, in a three-count Information, 10 Cr. 00012 (JFK)(the "Information"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(5) and (b)(2) (Count One); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

        WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, and pursuant to 18 U.S.C. § 1029(c), any personal property used or intended to be used to commit the offense, including but not limited to the following:

        At least $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense alleged in Count One;

WHEREAS, the Information included a second forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, including but not limited to the following:

At least $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense;

WHEREAS, the Information included a third forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1), all property, real and personal, involved in such offense and all property traceable to such property, including but not limited to the following:

At least $1,500,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property;

WHEREAS, on or about March 10, 2010, the Defendant pled guilty to Counts One through Three of the Information and admitted the forfeiture allegations, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit all of his right, title, and interest in the following:

(A) $1,500,000 in United States currency representing the amount of proceeds obtained as a result of the offenses (the "Money Judgment"); and

(B) All right, title and interest of the defendant in 14144 Dickens Street, Unit 213, Sherman Oaks, California property, (the "Subject Property");

WHEREAS, the defendant consents to the forfeiture of all of his right, title, and interest in the Subject Property and to the Money Judgment, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Three of the Information;

2

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6), of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

WHEREAS, on or about May 22, 2013, the Defendant was sentenced and ordered to forfeit all of his right, title and interest in the Subject Property and to $1,500,000 in United States currency, representing the amount of proceeds obtained by the Defendant as a result of the offenses charged in Counts One through Three of the Information, joint and several with co-defendant Timour Dick, 09 Cr. 1078 (KFK), and also with co-defendant Uladzimir Padzeus, 10 Cr. 620 (VM);

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff United States of America, by its attorney Assistant United States Attorney, Sarah Y. Lai, and the Defendant, Andrei Barysevich and Defendant's attorney, Louis M. Freeman, Esq., that:

1.  As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a Money Judgment in the amount of $1,500,000 shall be entered against the Defendant, as part of his criminal sentence, joint and several with co-defendant Timour Dick, 09 Cr. 1078 (KFK) and also with co-defendant Uladzimir Padzeus, 10 Cr. 620 (VM);

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant,

Andrei Barysevich, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. Upon execution of this Consent Preliminary Order of Forfeiture/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or its designee) shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, and made payable, in this instance to the United States Marshals Service (or its designee), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. All of the Defendant's right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

6. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control.

7. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Subject Property and will not cause or assist anyone else in doing so. The Defendant also agrees to take all necessary steps to pass clear title to the Subject Property to the United States, including, but not limited to, the execution of all necessary documentation.

8.  Upon final adjudication of all third party claims, if any, to the Subject Property, the portion of the Subject Property ultimately forfeited to the Government, less any valid third-party claims, shall be applied to the Money Judgment.

9.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture/Money Judgment.  Any person, other than the Defendant in this case, claiming an interest in the Subject Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code,

Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of additional forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Alexander Wilson, Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

16. The signature page of this order may be executed in one or more

counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____     5/22/13
Sarah Y. Lai                              DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212)637-1944

Andrei Barysevich
Defendant

By: _____     5/22/13
Andrei Barysevich                         DATE

By: _____     5/22/13
Louis M. Freeman, Esq.                    DATE
Freeman, Nooter & Ginsberg
~~30 Vesey Street, Suite 100~~ 75 Maiden Lane
New York, New York ~~10007~~ 10038

SO ORDERED:

_____          5/22/13
HONORABLE JOHN F. KEENAN                  DATE
UNITED STATES DISTRICT JUDGE